NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1786
     Facsimile: (213) 894-0141
     E-mail:    ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-620-CAS-2 |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER SETTING FORTH FACTUAL FINDINGS PURSUANT TO THE CARES ACT |
| v. | |
| HUGO PINTO, | |
| Defendant. | |

The Court has read and considered the Stipulated Request for Findings of Fact Pursuant to the CARES Act, filed by the parties in this matter on June 11, 2020.  The Court hereby finds:

(1) On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 (Coronavirus Disease) pandemic.

(2) The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.  Health Officers from Los Angeles, Riverside, Orange, San Bernardino, Santa Barbara, San Luis

1

|    |     |                                                                          |
|----|-----|--------------------------------------------------------------------------|
| 1  |     | Obispo, and Ventura Counties subsequently issued local                   |
| 2  |     | emergency orders and proclamations related to public                     |
| 3  |     | gatherings.                                                              |
| 4  | (3) | To date, several thousand people within the Central                      |
| 5  |     | District of California have been confirmed to be infected                |
| 6  |     | with COVID-19 and the number of those infected continues to              |
| 7  |     | rise, causing an emergency pandemic.                                     |
| 8  | (4) | In their continuing guidance, the Centers for Disease                    |
| 9  |     | Control and Prevention and other public health authorities               |
| 10 |     | have suggested the public avoid social gatherings in groups              |
| 11 |     | of more than 10 people and practice physical distancing                  |
| 12 |     | (within about six feet) between individuals to potentially               |
| 13 |     | slow the spread of COVID-19.  The virus is thought to                    |
| 14 |     | spread mainly from person-to-person contact, and no vaccine              |
| 15 |     | currently exists.                                                        |
| 16 | (5) | These social distancing guidelines -- which are essential                |
| 17 |     | to combatting the virus -- are generally not compatible                  |
| 18 |     | with holding in-person court hearings.                                   |
| 19 | (6) | On March 27, 2020, Congress passed the Coronavirus Aid,                  |
| 20 |     | Relief, and Economic Security Act ("CARES Act"), which                   |
| 21 |     | authorized the Judicial Conference of the United States to               |
| 22 |     | provide authority to Chief District Judges to permit                     |
| 23 |     | certain criminal proceedings to be conducted by video or                 |
| 24 |     | telephonic conference.                                                   |
| 25 | (7) | On March 23, 2020, the Chief Judge of this District                      |
| 26 |     | activated The Continuity of Operations ("COOP") Plan for                 |
| 27 |     | the Central District of California.                                      |
| 28 |     |                                                                          |

(8) Under the COOP Plan, all of the Courthouses of the Central District of California are closed to the public except for hearings on criminal duty matters. Hearings by video and telephonic conference may be held by individual Judges in certain criminal matters, but Judges have no discretion to hold in-person hearings.

(9) On May 28, 2020, the Chief Judge of this District issued General Order 20-08, which precludes Judges in this District from holding any in-person hearings until June 22, 2020, at the earliest.

(10) On April 15, 2020, the Court calendared a change of plea hearing for defendant on June 15, 2020, at 12:45 p.m. (Dkt. 76).

(11) Under Federal Rule of Criminal Procedure 32.1 and CARES Act § 15002(b), defendant has consented to proceed with this hearing by telephone.

(12) Defendant has agreed that video-conferencing is not reasonably available.

(13) Counsel for defendant has joined in this consent and agreement.

//
//
//
//
//
//

  (14) Video-conferencing is not reasonably available for use under CARES Act § 15002(b), and thus the Court will proceed, with defendant's consent, by telephonic conference.

IT IS SO ORDERED.

June 11, 2020
DATE

THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

  /s/
ALI MOGHADDAS
Assistant United States Attorney

4